HOLDER v. ORSO, et al.

Division B. Jan. 7, 1952.

No. 38163 (56 So. (2d) 79)

Welch, Cooper & Welch, and Denton Gibbes, for appellant.

Beard, Pack & Ratcliff, for appellees.

**Alexander, J.**

Luther Holder was duly elected Sheriff of Jones County, his term beginning in January 1948. He died February 8, 1949. This action is by his widow as administratrix to recover of the county the sum of $2,720.66 representing two per cent upon payments made to the county in March and September 1949 under the Homestead Exemption Act of 1946, Section 24, Chapter 261, Laws of 1946, Section 9737.5 Supplement, Code 1942. The pertinent portion of the Act is as follows: "Section 1. That the sheriff and tax collector of each county in the state shall be paid and entitled to receive two percentum (2%) of the tax loss reimbursed to the county by the state under the provisions of 'The Homestead Exemption Act of 1946,' as compensation for the duties imposed by said act, and as enumerated in section 24 thereof." Code 1942 Supp. Sec. 9737.7.

Scant authority is cited by appellant to authorize a finding of liability against the county. It is sought to reason out such liability a priori. The argument is that the allowance is "as compensation for the duties imposed by the act", and that such duties require considerable office work in preparation of the tax rolls and other data upon which the reimbursement is to be calculated; that the payments made in 1949 were computed upon the data supplied by the labors of the deceased during the year 1948.

In reply, the appellees contend that the payments are to be made to "the sheriff and tax collector of each county",

and that when the 1949 payments were made Holder was not the sheriff. They exhibit an opinion rendered in this matter by the Attorney General in accordance with these views.

It is clear that Holder was entitled to two per cent of the reimbursements made during the year 1948, his first year of tenure. Such payments were of course based upon data collected and supplied during 1947 by his predecessor. Had Holder served the full term of four years "compensation for the duties imposed by said Act" during the year 1951, although discharged by him, would inure to his successor. To further exemplify the contention of appellant, let it be assumed that an incumbent served for three years. If he should be compensated for the services rendered during each of these years, his successor, serving only one year, would receive no return under the Act since payments during that year would go to the predecessor and payments for the following year to the new incumbent. So that under this reasoning an officer serving for three years would receive payments for four. This will not do. There must be an equality of give and take. Holder was entitled to and did receive during 1948 substantial payments as to which no service had been rendered. By way of summary, a sheriff is privileged to collect for one year's labors performed by a former sheriff and under duty to labor one year for the benefit of another.

 The test of the obligation of the county to him is not whether he performed the duties but whether he was at the time of payment the sheriff.

It was clearly the purpose of the Legislature to assume a normal uninterrupted tenure and to assure to the incumbent four years of such rewards in return for four years of service. The first of these years he reaps without sowing; during the last he sows without reaping.

Affirmed.